OPINION
{¶ 1} Edward Brodie appeals from his conviction of Intimidation in violation of R.C. 2921.04(B). In a single assignment of error, Brodie contends his conviction was based on insufficient evidence as a matter of law.
 {¶ 2} The facts surrounding Brodie's conviction, set out in the State's brief, are *Page 2 
as follows:
 {¶ 3} Just as Brodie was about to stand trial in Montgomery County upon a charge of felony murder, Brodie sent a letter post-marked September 30, 2005, to a friend of his at Ohio River Valley Juvenile Correctional Facility asking him to scare a witness set to testify at his trial, Brandon Gray, who was also housed there. (T. 12, Joint Ex. 2, 3, 4). Specifically, Brodie wrote to his friend, Keith DeWitt: "I heard you up there with that nigga Brandon I know he ain't eating you know this nigga had the nerve to tell my bitch I'm a lame bitch ass nigga and all types of shit but I'm gone get at that nigga off top hopefully you already done got him but you know I go to trail [sic] next week starting Oct. 3-7 and the main thing whats fucking me up is that hoe ass nigga up there wit you thats why I need you to do the boy a favor I mean a big time favor I need you to scare that nigga and tell him to say it wasTaylor and tell him like shid Brodie gone by writing me after you testify against him to let me know what went down bra * * * I just need you to do that favor for me and bra I owe you big time I know for a fact he [sic] scared of you * * *." (Emphasis added.) (Joint Ex. 3.) Brodie added a postscript to his letter that stated, "Stay strong better days around the corner and make sure you do that favor fo me the day you get this letter so pressure that nigga Friday, Saturday, Sunday." (Joint Ex. 3.)
 {¶ 4} In the 2005 case, the trial court ultimately convicted Brodie of involuntary manslaughter as a result of a plea. However, officials at Ohio River Valley Juvenile Correctional Facility intercepted Brodie's letter to DeWitt, and based on that letter, six other exhibits jointly submitted by the parties, and a stipulation document, the trial court *Page 3 
found Brodie guilty of intimidation of a witness, i.e., Brandon Gray, even though Gray never had the opportunity to testify. (Docket Entry 35.) The court sentenced Brodie to a three-year term of imprisonment, to run consecutively to the sentence he was already serving on the involuntary manslaughter conviction.
 {¶ 5} R.C. 2921.04(B) provides as follows:
 {¶ 6} "(B) No person, knowingly and by force or by unlawful threat ofharm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness." (Emphasis added.)
 {¶ 7} Appellant argues that there was insufficient evidence of his violating R.C. 2921.04(B) because nowhere in the letter is the request that DeWitt use force upon Brandon Gray or that he physically harm him in any way. Appellant argues that the only words remotely suggesting that he threatened harm to Gray were the words "I need you to scare that nigga" and "pressure that nigga."
 {¶ 8} The State argues that the letter written by the defendant demonstrated that the defendant attempted to have DeWitt threaten harm to Gray to prevent him from testifying against him. The State notes that the defendant asked DeWitt, in the letter, to make it clear to Gray that he would be reporting Gray's testimony back to DeWitt and concluded by saying, "I know for a fact he [sic] scared of you." The State argues that viewing the defendant's letter to DeWitt in a light most favorable to it, it demonstrated that the defendant violated the provisions of R.C. 2921.04(B). *Page 4 
 {¶ 9} In reviewing claims by an appellant that his conviction rests upon insufficient evidence, "the relevant inquiry is whether any rational factfinder, after viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. * * * The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." State v.Clemons, 82 Ohio St.3d 438, 444, 696 N.E.2d 1009, 1998 Ohio 406
(citations omitted).
 {¶ 10} The evidence in this case is that the defendant tried to get his friend, DeWitt, to intimidate Gray. We believe the court could reasonably find that the defendant's letter was an attempt to intimidate Gray, who was a witness involved in a criminal action, by using DeWitt to threaten harm to Gray. The court could reasonably infer from the language in the defendant's letter, "I need you to scare that nigga" to be a request by the defendant to DeWitt that he threaten Gray with physical harm "to say it was Taylor." The evidence, in short, is sufficient to support Brodie's conviction for intimidation. The assignment of error is Overruled.
 {¶ 11} The judgment of the trial court is Affirmed.
WOLFF, P.J., concurs.
DONOVAN, J., dissenting:
 {¶ 12} I disagree. The State of Ohio did not meet its burden of proving beyond a reasonable doubt that Brodie made an "unlawful threat," a required element for a felony conviction under R.C. § 2921.04(B). Sufficient evidence does, however, exist of a *Page 5 
misdemeanor violation under R.C. § 2921.04(A).
 {¶ 13} This is a classic case of the State "overcharging" a defendant. As noted by the Ohio Supreme Court in State v. Cress (2006),112 Ohio St.3d 72, 77, 858 N.E.2d 341, 346, 2006-Ohio-6501:
 {¶ 14} "An unlawful threat must connote more than just a threat; i.e. more than just a communication to a person that particular negative consequences will follow should the person not act as the communication demands. The word unlawful must add substantive meaning or it is superfluous."
 {¶ 15} As the Cress case held, "R.C. 2921.04(B) is satisfied only when the very making of the threat is itself unlawful because it violates established criminal or civil law." Id.
 {¶ 16} In this case, the language of Brodie's letter would be legally sufficient to establish the "intimidation" necessary for a misdemeanor conviction, but the State did not introduce evidence establishing the elements of any predicate offense which constitutes an "unlawful threat." Unlike the majority, I cannot conclude that a reasonable factfinder may infer the elements of a predicate offense that in the instant case was not even alleged by the State. I would reverse. *Page 1